UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

    WADE R. GOLLNITZ and TRUDY A. GOLLNITZ      09-14047 B


               Debtors            <u>DECISION & ORDER</u>
---------------------------------------------------

                    Eric T. Schneiderman
                    Attorney General of the State of New York
                    by Linda E. White, Esq.
                    Assistant Attorney General
                    Main Place Tower, 300A
                    350 Main Street
                    Buffalo, New York 14202
                    Attorney for the New York State Department
                      of Environmental Conservation

                    Scott F. Humble, Esq.
                    7 Jackson Avenue, W.E.
                    Jamestown, New York 14701
                    Attorney for the Debtors


Bucki, Chief U.S.B.J., W.D.N.Y

     In this Chapter 13 proceeding, the New York State Department of Environmental Conservation has moved under 28 U.S.C. §959(b) to compel the debtor to comply with petroleum bulk storage laws and regulations.  At issue is the proper remedy for the violation of ongoing obligations that continue even after confirmation of a debtor's plan.

     Wade Gollnitz is the owner of real property at S184 North Portage Street in the Village of Westfield, New York.  Although he is now retired, Mr. Gollnitz previously used this property to operate a gasoline service station and convenience store.  On behalf of the New York State Department of Environmental Conservation, a contract inspector visited the property in July 2009.  Upon detecting several breaches of the state's petroleum bulk storage regulations, the inspector issued a Notice of Violation and personally delivered it to Mr. Gollnitz.  Then on August 20, 2009, the Department of Environmental Conservation served Wade Gollnitz by mail with a copy of an amended Notice of Violation.  The amended notice recited seven deficiencies, including a failure to monitor for leakages,

Wade and Trudy Gollnitz filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on August 28, 2009. Papers filed with that petition would seem to indicate a simple consumer case. On their bankruptcy schedules, the debtors reported that Mr. Gollnitz was retired with no pension other than social security, and that his wife was then employed as a bus driver for the Westfield Central Schools. Together, their combined average monthly income totaled $3,140.64. The schedules also listed two parcels of real property. The parties jointly owned their residence, while Wade Gollnitz held title in his name alone to the business property at S184 North Portage Street. In response to a question on the Statement of Financial Affairs, the debtors disclaimed knowledge of any potential violation of environmental laws. The Department of Environmental Conservation was also not included on either the original list of creditors or any of the schedules of outstanding liabilities.

On December 10, 2009, this court confirmed a plan under which the debtors agreed to pay $261 per month to the trustee, who would then make a distribution of eight percent on account of unsecured creditors. In addition, the plan authorized Wade Gollnitz to surrender the property on North Portage Street to secured creditors. Otherwise, the plan made no provision with regard to any environmental obligations. Because the debtors did not include the New York State Department of Environmental Conservation on their mailing matrix, that agency received no notice of either the bankruptcy filing or the hearing on confirmation. Consequently, it had no opportunity to object to the debtors' plan.

More than one year after plan confirmation, the Department of Environmental Conservation filed the instant motion to compel the debtors to bring the North Portage Street property into compliance with the environmental laws of New York. Specifically, the Department asserts that 28 U.S.C. § 959(b) imposes this obligation upon a trustee, and that the debtors should be held to that standard. Mr. and Mrs. Gollnitz respond that the plan contemplated a surrender of the property to Chautauqua County on account of

outstanding real property taxes. They contend that as a consequence, any responsibility for environmental compliance now rests with the county rather than with the debtors.

Discussion

The debtors misinterpret that provision of the confirmation order which allows a surrender of the real property on North Portage Street. Authorization for surrender does not constitute a transfer of title. Rather, transfer requires both the surrender of an interest and its acceptance. *See In re Gorenflo*, 351 B.R. 64, 66 (Bankr. W.D.N.Y. 2006). Here, perhaps due to a recognition of environmental problems, the county chose not to commence a tax foreclosure. Hence, ownership and the responsibilities of ownership were never accepted by any third party, but remain with Wade Gollnitz. This result follows also from 11 U.S.C. § 1327(b), which states: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." In the present instance, the plan makes no provision for any retention of ownership by the Chapter 13 trustee. Instead, by operation of section 1327(b), title has revested in Mr. Gollnitz, who will retain the obligations of an owner for future environmental compliance.

Having declined the opportunity to foreclose for non-payment of taxes, the County of Chautauqua holds no ownership interest in the property on North Portage Street. With no responsibility for environmental compliance, the County is not a necessary party to the present dispute. Thus, the Department of Environmental Conservation may seek relief as against Wade Gollnitz alone.

Bankruptcy is not a tool for evasion of environmental responsibility. In an analogous context, the Supreme Court has ruled that "[n]either the Court nor Congress has granted a trustee in bankruptcy powers that would lend support to a right to abandon property in contravention of state or local laws designed to protect public health or safety." *Midlantic Nat. Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 502 (1986). In this spirit, we do not question the authority of the New York State

Department of Environmental Conservation to enforce rules for the safe storage of petroleum products. At least upon the revesting of title after plan confirmation, Wade Gollnitz would have resumed environmental responsibility for the property on North Portage Street. Meanwhile, because a bankruptcy filing does not preclude the exercise of most police and regulatory powers, 11 U.S.C. §362(b)(4), the Department of Environmental Conservation could have taken various measures to enforce its regulations in state court. Rather, the issue is whether the state can properly invoke some power of the Bankruptcy Court to enforce the state's environmental laws.

In seeking an order to compel compliance with its rules and regulations, the Department of Environmental Conservation urges the application of 28 U.S.C. § 959(b), which states as follows:

> "Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

This statute recognizes that the duty to comply with state law extends also to "a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession." The Bankruptcy Code defines "debtor in possession" to refer only to certain debtors in Chapter 11 and Chapter 12. *See* 11 U.S.C. § 1101(1) and § 1204. However, by its use of the word "including," section 959(b) does not necessarily exclude other bankruptcy debtors from the reach of state law. Rather, the statute's reference to "debtors in possession" serves merely to confirm that the duty of compliance extends to anyone who acts as a trustee. Pursuant to both 11 U.S.C. §1107 and 11 U.S.C. § 1203, with exceptions not here relevant, "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case" under Chapter 11. To the extent that a debtor in a different bankruptcy chapter

acts as a trustee, that debtor must similarly manage and operate property like any other trustee, in compliance with state law.

Wade Gollnitz is a debtor in Chapter 13. Although he does not possess the identical panoply of rights and responsibilities as would a debtor in possession under Chapters 11 and 12, Gollnitz serves as a trustee for certain important purposes. Pursuant to 11 U.S.C. § 1303, "the debtor [in Chapter 13] shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l) of this title." Each of these sections speaks to a debtor's use of property. In the context of the present dispute, section 363(e) establishes a basis for the state's claim for compliance with its environmental regulations. In relevant part, section 363(e) of the Bankruptcy Code provides as follows:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

As sovereign, the State of New York holds an interest in the property on North Portage Street and has charged its Department of Environmental Conservation with the task of enforcing applicable rules and regulations for its use. Here, the debtors' plan proposes a surrender of the property. That surrender is itself a proposed use or sale within the meaning of section 363(e). Consequently, by reason of its interest in the property, the Department of Environmental Conservation may at any time request that the court impose such conditions on the proposed use or sale as are necessary to protect adequately the state's environmental interests. For purposes of providing this adequate protection, a debtor in Chapter 13 holds the status of a trustee under 11 U.S.C. § 1303. Having the responsibilities of a trustee, a debtor must satisfy the command of 28 U.S.C. §959(b) for compliance with the valid environmental laws of New York.

Remedies

Notwithstanding his status as a debtor in Chapter 13, Wade Gollnitz remains obligated to satisfy the environmental regulations of New York with regard to the fuel tanks on North Portage Street.  At issue now in this court is the selection of an appropriate remedy for the enforcement of that obligation.

In its papers, the Department of Environmental Conservation proposes equitable relief in the form on an order to compel the debtor to act in compliance with state law. Such relief is not appropriate at this time for three reasons.  Pursuant to Bankruptcy Rule 7001(7), an adversary proceeding is generally needed " to obtain an injunction or other equitable relief."  Consequently, a mere motion will not suffice to compel action by the debtor.  Secondly, the Department cites no basis of authority to compel the debtor's affirmative action.  Although 28 U.S.C. § 959(b) recognizes an obligation to comply with state law, it creates no remedy for a failure to comply.  For this purpose, we look again to 11 U.S.C. § 363(e).  This later section contemplates only that the court may prohibit or set conditions on the use or sale of property.  Thirdly, even if the court had authority to compel the debtor's compliance with environmental regulations, we would more appropriately abstain and defer to the state tribunal that is more specifically charged with resolving issues regarding the enforcement of New York law.

Even though this court might refrain from ordering compliance under penalty of contempt, the current motion is sufficiently broad so as to encompass a request for adequate protection under section 363(e) of the Bankruptcy Code.  Upon the request of an entity with an interest in property, the court may "at any time" prohibit or condition the debtor's use of that property.  Here, the court will now order that as a condition for the proposed surrender of the property on North Portage Street, Wade Gollnitz shall take all steps necessary to resolve the issues identified in the Amended Notice of Violation that the Department of Environmental Conservation issued on August 20, 2009.  In the event that

Mr. Gollnitz fails to comply with this condition, the Department of Environmental Conservation, at its discretion, may either commence enforcement proceedings in state court or move to dismiss the bankruptcy petition of Wade Gollnitz.  In as much as Trudy Gollnitz held no ownership interest in the subject property, however, the present order will impose no conditions on her right to continue in Chapter 13.

So ordered.

Dated:        Buffalo, New York            __/s/_____CARL L. BUCKI_____
              September 20, 2011        Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.